FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

MAR 03 2023


DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 3:23-00046 |
| v. | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1035 |
| JAMES MAURES DODSON | ) | |

# INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

At all times material to this Information:

## Introduction

1. **JAMES MAURES DODSON** was a psychologist licensed by the State of Tennessee Department of Health, Board of Examiners of Psychology, who controlled Clarksville Behavioral Health ("CBH"). Through CBH, **JAMES MAURES DODSON** provided behavioral health services to patients in the Clarksville, Tennessee area.

2. **JAMES MAURES DODSON** was an enrolled provider with Medicare, was an authorized provider with TRICARE, and was credentialed with BlueCross BlueShield of Tennessee ("BCBST"). Credentialing with BCBST authorized him to submit claims for reimbursement for psychotherapy and testing services rendered to TennCare patients. As such, he agreed to be bound by the law, rules, and regulations that govern Medicare, TRICARE, BCBST, and TennCare.

## Background on Medicare

3. Medicare was a federally funded health insurance program that provides health benefits to individuals who are 65 years of age or older or disabled. Medicare was administered by the United States Department of Health and Human Services through its agency, the Centers for Medicare and Medicaid Services.

4. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

5. In becoming an enrolled Medicare provider, providers were required to agree to abide by all Medicare laws, regulations, and program instructions. Providers were further required to certify that they would not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare.

## Background on TRICARE

6. TRICARE was a program of the United States Department of Defense (DOD) which provides health care insurance coverage for military personnel, retirees, their families, and survivors. TRICARE was as a "health care benefit program" as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program" as defined by Title 42, United States Code, Section 1320a-7b(f).

7. Individuals who received health care benefits through TRICARE were referred to as TRICARE beneficiaries. The Defense Health Agency, an agency of DOD, was the military entity responsible for overseeing and administering the TRICARE program.

8. For TRICARE to pay a claim for the services of a provider, TRICARE regulations required that the provider be certified by TRICARE.

## Background on Medicaid and TennCare

9. Medicaid was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b). Authorized under Title XIX of the Social Security Act, Medicaid was an entitlement program financed by the state and federal government and administered by the state. Medicaid provided health insurance to Supplemental Security Income ("SSI") beneficiaries, pregnant women, children under nineteen (19), low-income families, people who were aged, blind, or disabled, and medically needy adults. Eligibility was determined based on income and other factors.

10. TennCare was the state of Tennessee's Medicaid program that provided health insurance services to Tennessee citizens who were eligible for assistance under the Medicaid program. TennCare, the managed-care program that replaced the Tennessee Medicaid Program in 1994, served indigent people who could not afford health care insurance, and uninsured or uninsurable people. It was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b), and was a joint program between the State of Tennessee and the United States of America. The Bureau of TennCare was the state agency that administered the program in Tennessee. For the purposes of this Information, "TennCare" and "Medicaid" are interchangeable.

## The TRICARE Settlement and Continued False Billings

11. In or about 2017, TRICARE began reviewing therapy claims submitted by CBH for services performed by non-TRICARE-certified providers.

12. In a letter dated May 2, 2018, CBH disclosed to TRICARE that it had conducted an internal review of claims for services provided by non-TRICARE-certified providers. In the letter, CBH offered to repay approximately $135,412.16, which represented the amount that its

3

review determined had been paid by TRICARE to CBH for services rendered by non-TRICARE-certified providers.

13. Notwithstanding this disclosure, **JAMES MAURES DODSON** caused CBH to continue submit claims to TRICARE for services rendered by non-TRICARE-certified providers. From on or about May 2, 2018, through on or about October 2, 2020, CBH submitted claims to TRICARE for approximately $114,721.98 for such services, and TRICARE paid CBH approximately $57,744.35 in response to those claims.

### Services Not Provided

14. Additionally, **JAMES MAURES DODSON** caused CBH to submit claims to Medicare, TRICARE, and BCBST for services he did not provide. On several dates between August 16, 2016, and December 10, 2018, **JAMES MAURES DODSON** caused CBH to submit claims for more than twenty-four hours of services per day.

### COUNT ONE

15. The United States Attorney re-alleges and incorporates by reference Paragraphs 1 through 14, as if fully set forth herein.

16. On or about December 11, 2018, in the Middle District of Tennessee, **JAMES MAURES DODSON**, knowingly and willfully caused CBH to make materially false, fictitious, and fraudulent statement and representations, namely, representing that **JAMES MAURES DODSON** had provided six hours of psychological testing to beneficiary F.R., when he had not, in connection with the delivery of health care benefits, items, and services involving Medicare, a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

All in violation of Title 18, United States Code, Sections 1035 and 2.

4

COUNT TWO

THE UNITED STATES ATTORNEY FURTHER CHARGES:

17. The United States Attorney re-alleges and incorporates by reference Paragraphs 1 through 14, as if fully set forth herein.

18. On or about March 5, 2020, in the Middle District of Tennessee, **JAMES MAURES DODSON**, knowingly and willfully caused CBH to make materially false, fictitious, and fraudulent statement and representations, namely, representing that A.V., another provider at CBH, was certified by TRICARE when she was not, in connection with the delivery of health care benefits, items, and services involving TRICARE, a health care benefit program as defined by Title 18, United States Code, Section 24(b).

All in violation of Title 18, United States Code, Sections 1035 and 2.

FORFEITURE ALLEGATIONS

THE UNITED STATES ATTORNEY FURTHER CHARGES:

19. The allegations contained in this Information are incorporated and re-alleged as if fully set forth herein in support of this forfeiture allegation.

20. Upon conviction of any of Counts One or Two of this Information, **JAMES MAURES DODSON** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7) any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

21. If any of the property described above, as a result of any act or omission of **JAMES MAURES DODSON**:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **JAMES MAURES DODSON,** up to the value of the property listed above as being subject to forfeiture.

HENRY C. LEVENTIS
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF TENNESSEE

_____
TAYLOR J. PHILLIPS
ASSISTANT UNITED STATES ATTORNEY